**Osama Abdo MKHAEIL, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–70096.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.[*]

Filed Feb. 26, 2007.

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Osama Abdo Mkhaeil, Ontario, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Kristin A. Cabral, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ and McKEOWN, Circuit Judges.

MEMORANDUM **

Osama Abdo Mkhaeil, a native and citizen of Syria, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") adopting and affirming an Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").

■ We lack jurisdiction to consider Mkhaeil's due process and humanitarian asylum claims because he failed to exhaust these issues before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. We review the IJ's decision for substantial evidence, *see Abebe v. Gonzales,* 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc), and we deny these remaining claims.

■ Substantial evidence supports the IJ's adverse credibility determination because the IJ relied on inconsistencies between Mkhaeil's testimony and declaration that go to the heart of Mkhaeil's asylum claim, including an inconsistency regarding where the attack occurred. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

■ Because the record does not compel the conclusion that Mkhaeil was credible, he has not established eligibility for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Substantial evidence also supports the IJ's denial of CAT relief. *See id.* at 1156–57.

We have considered Mkhaeil's remaining contentions, and we conclude that they lack merit.

**PETITION FOR REVIEW DISMISSED in part, and DENIED in part.**